UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division (Raleigh)
Case No. 5:14-cv-365

| | | |
|---|---|---|
| Stephen Thomas Yelverton | ) | Motion for Reconsideration of |
| Plaintiff | ) | Interlocutory Reassignment Order |
| | ) | per FRCP Rule 54 (b) |
| v. | ) | |
| | ) | Request for Oral Hearing before |
| Yelverton Farms, Ltd., and | ) | Chief Judge Dever |
| Phyllis Y. Edmundson | ) | |
| Defendants | ) | |

COMES NOW, Plaintiff Stephen Thomas Yelverton, Pro Se, pursuant to FRCP, Rule 54 (b) and LCvR, Rule 7.1, and hereby submits his Motion for Reconsideration of the <u>Reassignment Order</u>, entered July 7, 2014, on behalf of the District Clerk by the Clerk for Judge Louise Flanagan, which is in patent violation of LCvR, Rule 40.1 (c)(1). It erroneously reassigned this proceeding to Judge Flanagan, who is resident in the Eastern Division in New Bern. A Motion for Stay of this proceeding until the Reassignment error is resolved is being concurrently filed.

Statement of the Facts

1. All of the alleged causes of actions in the Complaint arose in Wayne County, and all of the Defendants reside or do business in Wayne County, which is located in the Western Division.

2. This case has <u>no</u> connection to the Eastern Division, other than the announced counsel for the Defendants is located in Kinston, which is in the Eastern Division, and regularly practices before Judge Flanagan in New Bern in the Eastern Division, and does <u>not</u> regularly practice before the Federal Court in Raleigh in the Western Division.

1

3. After the Reassignment Order was entered on July 7, 2014, announced counsel for the Defendants sent an e-mail at 1:37 p.m. to Plaintiff, where announced counsel for the Defendants bragged that Judge Flanagan in New Bern in the Eastern Division would rule in favor of his clients, and would make "short work of this matter."

Statement of the Applicable Law for FRCP, Rule 54 (b)

4. The District Court may revise its interlocutory decisions "at any time before the entry of final judgment adjudicating all claims of all parties," and relief is granted "as justice requires," which is (1) whether the Court has patently misunderstood a party, (2) made a decision outside the adversarial issues, (3) made a clear error of apprehension, or (4) a controlling or significant change in the law or facts has occurred since submission of the issue to the Court. See, Alston v. D.C., 770 F.Supp.2d 289, 295-296 (D.D.C. 2011), where the legal standard for reconsideration is essentially the same in all Circuits.

5. A Judge in the same District Court has the power and authority to reconsider an interlocutory decision, as the Judge or Clerk who actually made the decision. Hailey v. City of Camden, 631 F.Supp.2d 528, 539 (D.N.J. 2009).

Points and Authorities and Arguments in Support of Reconsideration

6. Under LCvR, Rule 40.1 (c)(1), this proceeding is required to be heard by a resident Judge in the Western Division in Raleigh. There are no exceptions to this Local Rule, and the Plaintiff has not consented to this proceeding being heard by a resident Judge outside the Western Division.

7. The Plaintiff lives out-of-state and Raleigh is the closest and most convenient forum, and where New Bern is 100 miles east of Raleigh. Thus, he would suffer "harm" and an "injustice" by being required to litigate in a more distant and inconvenient forum.

2

8. The announced counsel for the Defendants is located near New Bern, and regularly practices before Judge Flanagan in New Bern. Thus, the <u>Reassignment Order</u> would give the Defendants an "unfair" litigation advantage, and thereby cause "harm" and "injustice" to the Plaintiff.

9. In an e-mail to the Plaintiff on July 7, 2014, the announced counsel for the Defendants bragged that Judge Flanagan in New Bern would favor his clients, and would make "short work of this matter."

10. This statement by announced counsel for the Defendants creates the "appearance of impropriety" in violation of the Federal Code of Judicial Conduct, Canon 2 (B) and Commentary 2 A. Thus, standing alone this statement by announced counsel for the Defendants in bragging of favoritism for his clients by Judge Flanagan in New Bern requires that this proceeding <u>not</u> be so reassigned. It would result in an apparent "taint" and "injustice" in this proceeding to the detriment of a fair resolution on the merits.

11. The announced counsel for the Defendants, White & Allen, P.A., in Kinston, has <u>not</u> filed a formal Notice of Appearance in this proceeding.

Conclusions

WHEREFORE, in view of the foregoing, is it requested that Reconsideration be Granted per FRCP, Rule 54 (b), and the <u>Reassignment Order</u>, entered on July 7, 2014, be Vacated, and this proceeding be heard in its entirety by a resident Judge in the Western Division in Raleigh, as required by LCvR, Rule 40.1 (c)(1), and "as justice requires."

This the 8th day of July, 2014,

3

Case 5:14-cv-00365-FL   Document 4   Filed 07/08/14   Page 3 of 4

Respectfully submitted,

*/s/ Stephen Thomas Yelverton*
Stephen Thomas Yelverton, Pro Se,
1730 North Lynn St., #A22
Arlington, VA 22209
Tel. 202-702-6708   Fax 202-403-3801
styelv@aol.com


## CERTIFICATE OF SERVICE

I, Stephen Thomas Yelverton, Pro Se, hereby certify that a copy of this Motion for Reconsideration was served on the 8th day of July, 2014, by U.S. Mail, first class to:

John P. Marshall, Esq.,
White & Allen, P.A.
P.O. Box 3169
Kinston, N.C. 28502-3169
announced Counsel for Defendants, but who has not filed a Notice of Appearance

Phyllis Y. Edmundson
145 Edmundson Springs Rd.
Fremont, NC 27830

Yelverton Farms, Ltd.
c/o Phyllis Y. Edmundson, President
145 Edmundson Springs Rd.
Fremont, NC 27830

*/s/ Stephen Thomas Yelverton*
Stephen Thomas Yelverton, Pro Se

4