FILED

File #13-CvS-1543

NORTH CAROLINA IN THE GENERAL COURT OF JUSTICE

WAYNE COUNTY SUPERIOR COURT DIVISION

STEPHEN THOMAS YELVERTON, )
    Plaintiff, )
     )
vs. ) PRE-FILING INJUNCTION
     ) "GATEKEEPER ORDER"
PHYLLIS Y. EDMUNDSON and )
DEBORAH Y. MARM, )
    Defendants. )

    After careful review of the pleadings filed in this matter, both in opposition to and in support of various motions by the parties, including in particular, the various Orders entered in other forums involving the same parties, and upon both a written request and motion by Defendants, and after oral argument on March 31, 2014 relating to the claims filed herein, the Court, exercising its inherent authority to enter pre-filing injunctions ("Gatekeeper Order"), concludes that such a Gatekeeper Order is necessary to prevent an abuse of the judicial process and to protect certain parties from unnecessary costs and expense.

    The Court has carefully considered other sanctions and avenues to safeguard against any abuse of the judicial system by the Plaintiff, including financial sanctions. However, based on Plaintiff's most recent representations to the Court regarding his financial status, the Court does not believe that financial sanctions against the Plaintiff will retard or will otherwise prevent Plaintiff from continuing to file documents with the court regarding matters that are either meritless or that have been previously dealt with in

other forums. Further, the Court is satisfied, after argument of the motions before the Court on March 31, 2014 and a review of the documents filed in this case and the positions advanced by the Plaintiff herein, that absent a Gatekeeper Order, which was requested by the Defendants on multiple occasions, that Plaintiff will continue to file motions and other documents that will continue to cause increased expense for the opposing parties and it will amount to an abuse of the judicial process.[1]

The Court has further considered the effect this Gatekeeper Order will have on Plaintiff's access to the Court System in North Carolina. After careful review of prior pleadings in this case, and other public documents that have been filed by the Plaintiff in other forums, including the Eastern District of North Carolina, the United States Bankruptcy Court of the District of Columbia, and the Superior Court of the District of Columbia Family Court relating to the defendants herein, including a business known as Yelverton Farms, Ltd., the Court finds that consistent with other Court Orders entered by other presiding judges in those forums that Plaintiff has engaged in a repeated practice of filing frivolous motions and claims, repeatedly advancing positions

---

[1] Most troubling to the Court is Plaintiff's claim for Fraud against the Defendants in this action. Despite a Court Order entered by the Bankruptcy Court in the District of Columbia, wherein the Court specifically found there was no fraud by the Defendants Edmundson and Marm, which order was entered on August 8, 2013, Plaintiff made the same Fraud allegation in this case on August 9, 2013 and subsequently amended as a matter of course to continue with that claim on August 13th, 2013. Further, Plaintiff specifically alleged in his action before this court that the Trustee in his bankruptcy proceeding relied upon this fraudulent conduct, despite: (i) asserting the same claim in the bankruptcy court, which was denied, and (ii) the Trustee testified in the Bankruptcy proceeding that no such representations were made to him. *See Memorandum Decision re Debtor's Motion for Relief from Judgment per FRCP Rule 60(b)(3) and (4) and (d)(3), entered by S. Martin Teel, on August 8, 2013, United States Bankruptcy Court for the District of Columbia, p. 6.*

2

and claims after adverse rulings that caused needless expense and strain on the parties and the Court.[2] Further, and

---

[2] *See Order entered by Judge Dalton, August 11, 2010, District of Columbia Family Court*, page 2, fn.3 "[a]s evidenced by the multiple and sometimes inappropriate and frivolous pleadings in this matter, it has been extremely difficult for the Court to ascertain from [Mr. Yelverton] the necessary facts to make an informed decision."

*See Order entered by Judge Alfred S. Irving, Jr., March 26, 2013, District of Columbia Family Court*, pp. 2,3,18-19 "Mr. Yelverton, an attorney,… has cleverly woven an intentionally tangled web. To be sure, this divorce case has suffered a long and tortuous history… replete with numerous perplexing filings that have complicated and, perhaps intentionally, muddled the record. The court was also required to consider certain filings and a settlement ruled upon by the bankruptcy court, in order to give further and necessary context to Mr. Yelverton's questionable endeavors… What Mr. Yelverton is now seeking to do is obtain redress in this Court for decisions by the bankruptcy court with which he is displeased…. Notwithstanding that the Bankruptcy Court has resolved all issues concerning the property,… Mr. Yelverton has elected another bite at the proverbial apple by asserting here, that Ms. Senyi… has a martial interest in the property…. Further impressive to the Court is the litigation history involving Yelverton Farms, which further substantiates this Court's findings that Mr. Yelverton is attempting to game the legal system."

*See Order entered by Judge Alfred S. Irving, Jr., March 26, 2013, District of Columbia Family Court*, pp. 1-4, "Impressively, to date, this Court has considered 72 motions since the filing of the Complaint…. This seems to the Court as most irregular and has indeed the smell of abusiveness…. It is inconsistent and disingenuous of [Mr. Yelverton] to raise objections to the Court's comprehensive examination of the bankruptcy filings and settlement, when Mr. Yelverton clearly intended strategically to confuse all of the issues by asserting the intersection between matters before the bankruptcy court and the issues in this divorce action…. This Court has some concerns about how Mr. Yelverton has used the court systems. The clerk's office is instructed to receive no more motions from the parties in this case, unless the Court grants a party leave to file such motions."

*See Order entered by S. Martin Teel, Jr., U.S. Bankruptcy Court for the District of Columbia, Sept. 6, 2013*, pp 1-2, "Order Suspending Response Deadlines. [Mr. Yelverton] has filed several motions in this case pertaining to the validity of a settlement agreement entered into between the trustee and various parties in interest. The court has found many of those motions to be frivolous and not worth of requiring a response. The court finds that it is appropriate to erect certain procedural safeguards to prevent the trustee and parties in interest from incurring the unnecessary expense of responding to frivolous motions….[T]he deadline for filing of any response to any future motions filed by [Mr. Yelverton] in this case is hereby suspended as to the Chapter 7 Trustee, Phyllis Edmundson, Charles Edmundson, Deborah Marm, Walter Marm, and Yelverton Farms, Ltd.

3

perhaps most compelling to the Court, is the simple fact that other Judges have attempted to restrain the Plaintiff from his

---

*See Order entered by S. Martin Teel, Jr. U.S. Bankrutpcy Court for the District of Columbia, dated Sept 10, 2013 pp 1, 4.* "Under consideration is [Mr. Yelverton's] motion to vacate order… The court's order does not deprive the debtor of access to this court. It was designed to protect the trustee and certain other parties from having to respond to motions unless the court first determines the motions ought not be denied…. The court's record is replete with instances in which [Mr. Yelverton] has pursued frivolous motions seeking to vacate orders based on arguments that could have been presented at the hearings leading to the orders…. The court's order suspending response deadlines seeks, in part, to protect the trustee and parties to the settlement from having to respond to any further frivolous motions seeking to attack the settlement. The order extends beyond that, however, becase [Mr. Yelverton's] vexatious motions have extended beyond that. Mr. Yelverton's vexatious litigiousness threatens to cause the estate to incur attorney's fees that will exhaust the proceeds of that settlement."

*See Report and Recommendation of the Board of Professional Responsibility, District of Columbia Court of Appeals, July 30. 2013, pp.14,18-21.* "Mr. Yelverton filed a series of frivolous motions and appeals, even after being told by the Superior Court and the Court of Appeals that his filings were problematic….[A]lthough [Mr. Yelverton was informed by the Court that his pleadings were frivolous, he continued to file additional pleadings nevertheless…. As a result of [Mr. Yelverton's] conduct, judges of the Superior Court and the Court of Appeals had to expend considerable time reviewing [Mr. Yelverton's] frivolous pleadings, and [the opposing party] had to respond to all of [Mr. Yelverton's] filings…. [Mr. Yelverton's] conduct significantly tainted the judicial process. He filed a number of frivolous motions…, causing the courts to expend considerable time and energy reviewing his pleadings and determining the course of action to take. There is little question that he filing of such pleadings encumbers the judicial process in a more than *de minimus* way. [Mr. Yelverton's] conduct also tainted the judicial process by forcing [the opposing side] to have to expend needless time and resources defending against frivolous post-trial motions. [Mr. Yelverton] filed not one, but several frivolous pleadings in our court system…. [Mr. Yelverton] has evinced an unapologetic attitude throughout the proceedings, refusing to acknowledge the wrongfulness of his conduct and insisting that his actions were entirely appropriate. We find [Mr. Yelverton's] attitude troubling in light of his plain abuse of the judicial process… [Mr. Yelverton's] activities severely impaired the administration of justice. Not only did [Mr. Yelverton] ignore the rulings of judges of our courts and file patently frivolous pleadings, he continued the same course of conduct in these proceedings. While this matter was pending before the Hearing Committee, [Mr. Yelverton] tried to remove the case to federal court, appealed the remaind order to the D.C Circuit, and requested emergency stay of these proceedings. He sought rehearing and rehearing en banc when his appeal was dismissed, and filed a petition for certiorari with the U.S. Supreme Court when rehearing was denied.

4

abuse of the judicial system, and that the Plaintiff has disregarded those instructions.[3] It is apparent to this Court that the only possible restraint on Plaintiff's continued abuse of the judicial system is to enter a Gatekeeper Order.

Based on the foregoing, the Court finds that to prevent any further abuse by the Plaintiff and weighing all options available to this Court and consistent with the Court's inherent authority to protect the judicial process and to protect other parties, the Plaintiff should be restricted from filing any legal document, including motions, pleadings, claims or actions of any nature whatsoever against Phyllis Y. Edmundson, Deborah Marm, and Yelverton Farms, Ltd, in any forum in the State of North Carolina unless: (i) the proposed filing is accompanied by a certificate from a lawyer, licensed and in good standing in the State of North Carolina, stating that the lawyer has read the proposed filing and the Gatekeeper Order, and that the lawyer concludes the proposed filing meets the standards of Rule 11; or (ii) the proposed filing is submitted to the then current, senior resident Judge of the forum or county in which the proposed filing will occur and said judge has reviewed the filing and approves it for filing.

---

[3] *See Order entered by Robert L. Wilkins, U.S. Bankruptcy Court for the District of Columbia, dated January 9, 2014, page 2.* "Not only is the Supplement unrelated to the motion to stay, but by filing the Supplement, [Mr. Yelverton] has completely ignored this Court's order restricting him from filing further documents in this action without leave of Court. The undersigned notes that this is not the first time [Mr. Yelverton] had done so in this case... [Mr. Yelverton] has also skirted court rules and orders on numerous other occasions in cases pending before the undersigned. Indeed this Court has: (1) warned [Mr. Yelverton] repeatedly that it would not tolerate his failure to adhere to the rules and orders of this Court; and (2) determined that [Mr. Yelverton] is an abusive filer,... but he continues with the same course of conduct."

5

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Plaintiff, Stephen Thomas Yelverton, shall be restricted from filing any legal document, including motions, pleadings, claims or actions of any nature whatsoever against Phyllis Y. Edmundson, Deborah Marm, and Yelverton Farms, Ltd, in any forum in the State of North Carolina unless: (i) the proposed filing is accompanied by a certificate from a lawyer, licensed and in good standing in the State of North Carolina, stating that the lawyer has read the proposed filing and the Gatekeeper Order, and that the lawyer concludes the proposed filing meets the standards of Rule 11; or (ii) the proposed filing is submitted to the then current, senior resident Judge of the forum or county in which the proposed filing will occur and said judge has reviewed the filing and approves it for filing. This Gatekeeper Order shall not restrict Plaintiff from filing an appeal of any Orders entered by this Court relating to the March 31, 2014 hearing regarding Defendants' Motions to Dismiss and Motion for Judgment on the Pleadings, Plaintiff's Motions to Amend and Motion to Compel Mediation, and this Order.

IT IS ALSO HEREBY ORDERED, ADJUDGED AND DECREED, that should Plaintiff file any legal document, including motions, pleadings, claims or actions of any nature against Phyllis Edmundson, Deborah Marm, or Yelverton Farms, Ltd without following the procedural safeguards set forth herein, that this Order shall be presented to the Clerk of the forum in which said document has been filed and Plaintiff's document shall be dismissed with prejudice.

IT IS ALSO HEREBY ORDERED, ADJUDGED AND DECREED, that this Court retains jurisdiction of this matter for purposes of enforcing this Order or dealing with a violation of this Order by means of contempt.

This 4 day of April, 2014.

_____
Honorable Arnold O. Jones, II
Senior Resident Superior Court
Judge Presiding

JPM/rnb #86
099002-00002

North Carolina
Wayne County
I certify the foregoing to be a true copy as taken from the original records in this office.
This 11th day of April, 2014
_____ Deputy
Clerk of Superior Court

7