IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-365-FL

| | | |
|---|---|---|
| STEPHEN THOMAS YELVERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| YELVERTON FARMS, LTD. and | ) | |
| PHYLLIS Y. EDMUNDSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on review of plaintiff's application to proceed *in forma pauperis* and proposed complaint, pursuant to 28 U.S.C. § 1915(a)(1), (e)(2)(B) (DE 1). Also before the court are plaintiff's motion to recuse (DE 6) and a notice of a "Gatekeeper Order" transmitted to the court by attorney Matthew Sullivan (DE 8). Finally, the case comes to the court's attention at this time also upon plaintiff's withdrawal of his application to proceed *in forma pauperis* (DE 9), and his motion to disqualify White & Allen, P.A. as counsel for defendants and his request for hearing (DE 11).

Plaintiff complains in his motion to recuse about the impartiality of the undersigned, because a related proceeding before the undersigned, case file no: 5:09-cv-331, was not disposed of in plaintiff's favor. Plaintiff also complains that a lawyer for defendants recently bragged that the undersigned would make "short work of this matter," and for this reason, the court's impartiality reasonably may be questioned.

Whether the attorney stated that or not has no bearing on this court's decision-making. Moreover, an adverse ruling grounded in fact and law, affirmed on appeal, afford no grounds for plaintiff in this instance to challenge the case assignment. To the extent his motion is based on the fact of distribution of a case filed in the Western Division to a judge in another division, as regularly is done, this also affords no basis for him to complain. However, if a hearing is noticed, plaintiff certainly may request the case be heard in Raleigh, North Carolina. Because no hearing is necessary on the motion to recuse, the court dismisses that request. For these reasons the motion to recuse is DENIED, and the request for hearing DISMISSED as MOOT.

Where plaintiff now has paid the filing fee, the court DISMISSES as MOOT the application to proceed *in forma pauperis*. There is no frivolity determination required now to be made, upon plaintiff's recent payment of the filing fees. Given the posture of the case, the court declines to take any action in response to the attorney's notice of imposition by a state court judge of a pre-filing injunction against this plaintiff. However, the state judge's order, and the actions of other judges in response to plaintiff's repeated filings, variously characterized as: abusive; smelling of abusiveness; inappropriate; frivolous; patently frivolous; intentionally perplexing so as to muddle the record; vexatious; tainting the judicial process; severely impairing the administration of justice; repeatedly skirting court rules and orders; and similar, are concerning. Should plaintiff proceed with this case, also in light of his litigation history in this district, and the issue be raised on behalf of a defendant, then the court will cause to consider.

The notice lodged on the docket concerning the "Gatekeeping Order" does not, without more, qualify as a notice of appearance also where there is no proof of service in the case, to date. For these reasons, the motion to disqualify White and Allen, P.A. is DENIED, without prejudice to its

renewal when and if service is obtained and a representative of this law firm makes any appearance. If it should be renewed, plaintiff is noticed that the motion sounds like the one filed in the other case, at DE 26, which motion plaintiff did withdraw at hearing, however.

SO ORDERED, this the 10th day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge