IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-365-FL

| | |
|---|---|
| STEPHEN THOMAS YELVERTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| YELVERTON FARMS, LTD. and ) | |
| PHYLLIS Y. EDMUNDSON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes now before the court upon plaintiff's motion to strike (DE 18), where the clerk recently had indexed on the docket correspondence dated July 10, 2014, sent to her by a lawyer, Matthew S. Sullivan, of the law firm of White and Allen, P.A., asserting defendants' interest in denial by the court of a motion to recuse (DE 6). At the time of that writing, no service had been achieved on any defendant nor any notice of appearance entered.

Included with the lawyer's letter were copies of two letters he had written to the undersigned, including one dated July 9, 2014, which this court had cause to disclaim maintenance of and have returned to defense counsel through the case manager. The July 9, 2014, letter with its many enclosures, should not have been sent by counsel, for reasons set forth in the court's order entered July 11, 2014. That eighty-eight (88) page missive should not now be included on the docket.

Also included with the letter sent to the clerk was a July 7, 2014, letter the attorney also addressed to the undersigned. That letter earlier was indexed on the docket where the attorney

referred to an order deemed "Gatekeeper Order," and plaintiff's motion to proceed in *forma pauperis* then was pending. Said motion was withdrawn. The Gatekeeper Order already is a matter of record and there is no need to repeat that filing on the docket a second time.

Nor is there need for the lawyer's transmittal letter to the clerk, regurgitating complaints about plaintiff, spanning some three pages, be made a part of the record of this case. The letter dated July 9, 2014, sent before service of process was executed, without formality of a notice of appearance having been entered, and in response to a pending motion but outside of the framework of the record of the case, had no bearing in the court's consideration of the motion to recuse. For reasons stated in the July 10, 2014, order, the court denied the motion to recuse, as well as the motion to disqualify the law firm of White and Allen, P.A. (DE 11), the latter without prejudice to its renewal when and if timely.

The court dispenses under the circumstances presented with any response by defendants to the motion to strike. For reasons herein discussed, where good cause grounded on the face of the court's earlier order has been shown, the motion to strike (DE 18) is ALLOWED.

The court notes that on July 25, 2014, counsel through the law firm of White and Allen, P.A., entered an appearance. In anticipation, two days earlier, the motion to recuse was renewed by plaintiff in that filing made July 27, 2014. (DE 27). Response in the regular course shall by made to the renewed motion to disqualify (DE 27).

Plaintiff brings up utility of a magistrate judge holding hearing in the motion now pending. The court NOTICES the parties of the availability of a magistrate judge to conduct all proceedings in the case, including any trial, and to order entry of a final judgment. In furtherance of this notice, the court DIRECTS the clerk please now to serve upon the parties form AO 85 Notice, Consent, and

2

Order of Reference – Exercise of Jurisdiction by a United States Magistrate Judge for their consideration. If all parties consent, the clerk will assign this case to a magistrate judge resident in Raleigh, North Carolina.

SO ORDERED, this the 30th day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge